IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GENEVA L. WATKINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 5:14-CV-107 (MTT) |
| ) | |
| **CAPITAL CITY BANK and L.P. KEEN** ) | |
| **INSURANCE AGENCY, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

# ORDER

Before the Court is Defendant Capital City Bank's motion objecting to Plaintiff Geneva Watkins's responses to its requests for admission pursuant to Fed. R. Civ. P. 36(a)(6). (Doc. 62). For the following reasons, Capital City Bank's requests 1–50 are **DEEMED ADMITTED**. (Doc. 55).[1]

Pursuant to Fed. R. Civ. P. 36(a)(6),

> The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

---

[1] Some of the requests call for legal conclusions and are therefore improper.  *See* Fed. R. Civ. P. 36(a)(1)(A) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to … *facts, the application of law to fact, or opinions about either.*" (emphasis added)); *Manfred v. Everett*, 2006 WL 1627062, at *2 n.2 (N.D. Ga.); *Border Collie Rescue, Inc. v. Ryan*, 418 F. Supp. 2d 1330, 1339 n.6 (M.D. Fla. 2006).  Specifically, requests 51–55 call for the Plaintiff to admit that her claims are time-barred, that they are barred by res judicata and collateral estoppel, that they constitute "abusive and frivolous litigation," and that Capital City Bank is entitled to reasonable attorneys' fees and costs. (Doc. 55, ¶¶ 51–55).  The Court will not deem these requests admitted.  However, requests 1–50 are deemed admitted.

Additionally, "[a] matter is admitted unless, *within 30 days after being served*, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3) (emphasis added).

On January 30, 2015, the Court ordered the Plaintiff to file a recast complaint within two weeks and ordered Defendants Capital City Bank and L.P. Keen Insurance Agency to propound requests for admission on the Plaintiff.  (Doc. 46).  The Court also ordered the Plaintiff to respond to the Defendants' requests within 30 days, to make the responses under oath, and to strictly comply with Fed. R. Civ. P. 36.  The Court cited Rule 36(a)(3) in its order, which, as noted above, also requires that responses be served within 30 days.  Additionally, the Court expressly informed the Plaintiff that any request for admission not responded to within 30 days would be deemed admitted.  *See* Fed. R. Civ. P. 36(a)(3).

Capital City Bank served its requests for admission on the Plaintiff on March 5, 2015, by mailing them to her last known address and filed a copy of its requests with the Court in compliance with the January 30 order.  (Doc. 55).  The Plaintiff had until April 9 to serve responses to the requests.[2]  However, Capital City Bank was not served with the Plaintiff's responses until April 16, and the Plaintiff did not file them with the Court until April 24.  (Doc. 60).  The Plaintiff has not responded to Capital City Bank's motion.  Based on the untimeliness of the Plaintiff's responses, the Court's explicit instruction to the Plaintiff of the consequence of failing to timely respond, and the Plaintiff's lack of

---

[2] April 4 fell on a Saturday, so the Plaintiff had until the following Monday, April 6, to respond.  *See* Fed. R. Civ. P. 6(a)(1)(C).  The Plaintiff had an additional three days to serve her responses on Capital City Bank because service of the requests was by mail.  *See* Fed. R. Civ. P. 6(d), 5(b)(2)(C).

explanation (or response of any kind to Capital City Bank's motion),[3] the Court deems requests 1–50 admitted. (Doc. 55).

In addition to their untimeliness, many of the Plaintiff's answers to Capital City Bank's requests for admission either admit the requested information or are deficient and thus would be deemed admitted regardless. Requests 1–6 and 11 are admitted in their entirety, though the Plaintiff does attempt to qualify some of her admissions. Number 7 requests the Plaintiff to admit she is not impliedly pursuing other claims against Capital City Bank besides those arising out of "force-placed" insurance in her recast complaint. The Plaintiff admits this request in part and then states she "is pursuing claims against Capital City Bank in the Eleventh Circuit Court of Appeals and potentially other courts." (Doc. 60, ¶ 7). The Court reads this response to admit she is not pursing claims against Capital City Bank *in this case* that do not relate to allegations of "force-placed" insurance.

The Plaintiff made either identical or nearly identical responses to requests 8–10, 12–15, 18–20, and 22–26. Though some of the responses also include additional sentences, they all contain a variation of the following:

> Admitted in part. Evidence has been concealed from the beginning from Plaintiff and Plaintiff cannot admit this with absolute certainty. Also Capital City Bank has been caught doctoring evidence and Plaintiff will not box herself in.

This response is clearly deficient. First, the Plaintiff admits these requests in part without specifying which part she is admitting or specifically denying the remainder of

---

[3] Capital City Bank attaches a letter dated March 10, 2015, where the Plaintiff informed Capital City Bank's counsel she did not have access to a computer to view the documents sent to her on a CD, which were Capital City Bank's exhibits attached to its requests for admission. (Doc. 62-1 at 1). Capital City Bank then mailed the printed materials to her on March 16. (Doc. 62-2 at 1). The Plaintiff has not asserted her responses are untimely as a result of this delay in receiving the printed exhibits, nor did she request additional time to respond.

the request she is not admitting. This is clearly in contravention of Rule 36: "[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Second, asserting that the Plaintiff "will not box herself in" is not a proper response. The entire point of requests for admission is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (internal quotation marks and citation omitted). Thus, narrowing the factual issues in a case is what the Rule is designed to accomplish.

Responses 16 and 17 are also virtually identical to the Plaintiff's responses discussed above, except the Plaintiff admits the requested information in its entirety before qualifying she does not wish to "box herself in." (Doc. 60, ¶¶ 16, 17). For the reasons discussed above, this qualification is deficient.

Requests 28 and 29 pertain to a lawsuit filed in the Southern District of Georgia: *Geneva L. Watkins v. Farmers and Merchants Bank, Wallace E. Miller, and Capital City Bank*, 3:04-CV-79 (S.D. Ga.), *aff'd*, No. 06-16061 (11th Cir. 2007) (per curiam). Capital City Bank requests the Plaintiff to admit that the complaint was true and correct and that the allegations were rejected by the trial and appellate courts. (Doc. 55, ¶¶ 28, 29). The Plaintiff admits these requests in part and then goes on to assert: "Plaintiff has proven clearly that the July notes were paid in this case and that this was an illegal foreclosure. Capital City Bank among others concealed this evidence and perjured themselves in their affidavits and testimony." (Doc. 60, ¶¶ 28, 29). Because she does not specify which part of the requests she is admitting or which part she is denying,

these responses are deficient.  Further, her qualification does not appear to pertain to the substance of the requests.

Requests 37–39 pertain to an earlier lawsuit brought by Robert L. Watkins, the Plaintiff's husband, in this district: *Robert L. Watkins v. Farmers and Merchants Bank, Capital City Bank as successor in interest to Farmers and Merchants Banks, and L.P. Keen Ins. Agency*, 5:08-CV-259 (M.D. Ga.).  The Plaintiff made almost identical responses to these requests, which are fairly reflected in this example:

> Admitted in part.  The judge which heard this case had a direct conflict of interest and concealed it.  Robert L. Watkins, Sr. did not find out about this until much later.  Because of this conflict of interest it was impossible for Robert L. Watkins, Sr. to get a fair trial because he was very biased against him.  At that time, Robert L. Watkins, Sr. did not know that Judge Royal came out of the Jones, Cork, & Miller Firm.

(Doc. 60, ¶ 38).  The Court is unsure what this accusation of bias has to do with whether Judge Royal in fact made certain findings in the 2008 case.  However, the responses are deficient in that they do not specify which part she is admitting or specifically deny the remainder of the request she is not admitting.

Regardless of the content of the Plaintiff's responses, because she did not timely respond to Capital City Bank's requests for admission despite fair warning of the consequence, Capital City Bank's requests 1–50 are **DEEMED ADMITTED**.  Alternatively, requests 1–20, 22–26, 28, 29, and 37–39 are either expressly admitted or deemed admitted for the reasons discussed above.

**SO ORDERED,** this 11th day of June, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
